**[J-40-2023] [MO: Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 31 EAP 2022 |
| | : | |
| Appellant | : | Appeal from the Judgment of |
| | : | Superior Court entered on January |
| | : | 3, 2022 at No. 1981 EDA 2020, |
| v. | : | affirming the Order entered |
| | : | September 16, 2020 in the Court of |
| | : | Common Pleas, Philadelphia |
| RONALD HARRIS, | : | County, Criminal Division at No. CP- |
| | : | 51-CR-0005166-2019. |
| Appellee | : | |
| | : | ARGUED: September 12, 2023 |

**CONCURRING OPINION**

**JUSTICE DONOHUE**                                              **DECIDED: May 13, 2024**

I join the Majority Opinion in Parts I-III, and in Part IV insofar as it holds that the plain text of Pa.R.Crim.P. 542 does not allow the Commonwealth to satisfy its prima facie burden to establish the defendant's identity at a preliminary hearing solely through the use of evidence deemed inadmissible pursuant to the rule against hearsay (Pa.R.E. 802).[1] Rule 542(E) must be read in conjunction with the distinction recognized in Rule 542(D) between the elements of a criminal offense (i.e., whether "an offense has been committed") and the identity of the offender. Pa.R.Crim.P. 542(D). Thus, while Rule 542(E) relaxes the rule against hearsay with respect to the Commonwealth's prima face burden at a preliminary hearing to prove the elements of an offense (subject to the limitation set forth in *Commonwealth v. McClelland*, 233 A.3d 717, 735 (Pa. 2020), that

---

[1] Majority Op. at 1 (holding "the plain text of [Rule 542] does not permit the use of hearsay" for the purpose of proving "the defendant's identity" at a preliminary hearing).

such case cannot be established solely on the basis of hearsay), that provision does not apply to proof of identity because identity is not an element of a criminal offense for purposes of Rule 542.

I write separately only to distance myself from those aspects of the Majority's discussion in Part IV that go beyond an examination of the plain text of Rule 542. Thus, I do not join the Majority Opinion insofar as it justifies its conclusion for reasons other than the text of Rule 542.

Justice Brobson joins this concurring opinion.